SAMUEL JANOVSKY, PLAINTIFF, v. AMERICAN MOTORIST INSURANCE CO., AN ILLINOIS CORPORATION, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided December 12, 1951.

*Mr. Arthur E. Dienst,* attorney for plaintiff.

*Mr. George H. McElroy,* attorney for defendant.

STEIN, J. S. C. In February of 1950 plaintiff suffered a heart attack while in the employ of M. Raboy Flooring Co. He filed a claim for benefits under the Workmen's Compensation Law, *Title 34, chapter 15* of the *Revised Statutes.* Pending the trial and determination of his suit he made claim for benefits under the Temporary Disability Benefits Law, *R. S.* 43:21–25, *et seq., N. J. S. A.* He was paid benefits thereunder in the sum of $780 by the defendant, American Motorist Insurance Company, the insurance carrier under the employers private plan (*R. S.* 43:21–32) with the understanding of the insurance carrier's right to be subrogated to plaintiff's rights in any workmen's compensation benefits allowed him to the extent of such payment. Subsequently plaintiff was awarded workmen's compensation benefits in the sum of $382.14 for temporary disability and the sum of $3,437.50 for permanent partial disability.

The parties were unable to agree upon the amount of plaintiff's workmen's compensation benefits to which the defendant was entitled to be subrogated, and as a result, plaintiff filed his complaint offering to pay into court the said sum of $780 and asking the court to determine their rights in the fund.

Defendant contends that it is entitled to be subrogated to the full amount of its payment under the Temporary Disa-

bility Benefits Law by virtue of *R. S.* 43:21–30, while on the other hand plaintiff contends that defendant's right of subrogation only extends to the fund allowed as temporary disability less attorney's fees in the collection of the temporary disability benefits.

The purpose of the Temporary Disability Benefits Law is fully set forth in *R. S.* 43:21–26. Primarily this law was enacted "to meet the hazard of earnings loss due to inability to work caused by nonoccupational sickness or accident" and to provide "the payment of reasonable cash benefits to eligible individuals suffering accident or illness which is not compensable under the workmen's compensation law." Realizing that under certain circumstances (as in the instant matter) an employee may become the recipient of benefits under this act as well as under the Workmen's Compensation Law or similar law of this State or of any other state or of the Federal Government, the Legislature made provisions against such duplication of benefits by enacting *section 6, R. S.* 43:21–30, *N. J. S. A.,* which provides:

"No benefits shall be required or paid under this act for any period with respect to which benefits are paid or payable under any unemployment compensation or similar law, or under any disability or cash sickness benefit or similar law, of this State or of any other State or of the Federal Government. Nor shall any benefits be required or paid under this act for any period with respect to which benefits, other than benefits for permanent partial disability previously incurred, are paid or payable on account of the disability of the covered individual under any workmen's compensation law, occupational disease law, or similar legislation, of this State or of any other State or the Federal Government. In the event that workmen's compensation benefits, other than benefits for permanent partial disability previously incurred, are subsequently awarded for weeks with respect to which the claimant has received disability benefits pursuant to this act, the State fund, or the private plan, as the case may be, shall be entitled to be subrogated to such claimant's rights in such award to the extent of the amount of disability payments made hereunder. Disability benefits otherwise required hereunder shall be reduced by the amount of any primary insurance benefits which are being paid to such individual under Title II of the Federal Social Security Act, and by the amount of any payments of annuities, pensions or permanent disability benefits or allowances

under a policy or program of an employer from whose service he has been retired, in accordance with such regulations as the commission shall prescribe."

The provisions of this section of the act are clear. If the employee receives workmen's compensation benefits other than benefits for permanent partial disability previously incurred during the same period of time that he received benefits under this act then the insurance carrier under the private plan is entitled to be subrogated to his rights in such award to the extent of the amount of payments which he received under this act. And it makes no difference whether the award is for temporary disability or for permanent partial disability. The act makes no distinction between the types of the award. The defendant is entitled to be subrogated in the full amount of $780. No fee may be allowed plaintiff's attorney with respect to services rendered by him in the collection of the temporary disability benefits. See *R. S.* 43:21–51.

Judgment in accordance with the foregoing will be entered.